**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

TYRO R. BEATTY,

       **Plaintiff,**

    **v.**                              **CIVIL ACTION NO. 2:05cv71**

SCOTT M. THOMAS, et al.,

       **Defendants.**

*MEMORANDUM OPINION AND ORDER*

This matter is before the Court on Defendants' Joint Motion to Dismiss for failure to state a claim upon which relief may be granted, and lack of standing. For the reasons stated below, Defendants Jones, Thomas, and NAVSEA's Motion to Dismiss is **GRANTED** as to Counts I and II, Defendant NAVSEA'S Motion to Dismiss Count III is **GRANTED**, and Defendant Jones and Thomas's Motion to Dismiss Count III is **DENIED**.

**I.  FACTUAL AND PROCEDURAL HISTORY**

Plaintiff, *pro se*, brings suit against his employers alleging discrimination by a federal employer, violations of due process, and violations of administrative law with regards to his employment. Plaintiff, Tyro R. Beatty, was hired in July 2004 as the Administrative Branch Head/Command Security Manager at the Naval Sea Systems Command, Inactive Ships Management Office ("NAVSEA") at the Norfolk Naval Shipyard. (Compl. at 1.) NAVSEA is an activity within the Department of the Navy. (Def't. Mot. to Dismiss at 2.) Plaintiff was one of two black employees at the fifty-employee workplace; Plaintiff was the only black male supervisor. (Compl. at 1.) Defendant Michael A. Jones was the Operations Officer when

Plaintiff was hired, but was promoted to the Director of the Inactive Ships Management Office in October 2004.  He was Plaintiff's immediate supervisor at NAVSEA.  Defendant Scott M. Thomas is the Officer in Charge at NAVSEA, and supervised both Jones and Beatty. (Compl. at 2.)

Plaintiff alleges that Defendant Jones repeatedly questioned his personal and administrative advice and professionalism by seeking verification from other sources, despite his superior work performance and professional conduct.  Specifically, Plaintiff alleges that on two occasions, Jones ordered him to take actions that were contrary to federal regulations.  When Plaintiff notified him of the problem, Jones directed him to do the work anyway.  On one occasion when Plaintiff spoke with an employee from NAVSEA headquarters who verified Plaintiff's position on the regulation, Jones later told Plaintiff "I didn't know you were that intelligent about administrative policy and contracts, but in the future, don't call NAVSEA HQ - just talk to me and tell me the right way to do things." (Compl. at 4.)  He also alleges that on one occasion, Jones stated that "you know your job is a dead end job," which Plaintiff alleges was an indication that his supervisor wanted to get rid of him.  Plaintiff requested to speak with Defendant Thomas about the situation with Jones, but was never allowed the opportunity. (Compl. at 3-4.)

On January 4, 2005, Plaintiff attended a meeting with Jones and Thomas where he received a Letter of Caution, which Plaintiff alleges had no merit and contained fabrications and false information.  Defendant Thomas remained silent throughout the meeting, and Plaintiff alleges he was indifferent to Plaintiff's concerns.  The same day, Plaintiff spoke with the Navy's EEO counselor, Ernest Mitchell, and requested Alternative Dispute Resolution to resolve the

matter.  On January 7, 2005, Plaintiff was called for a meeting with Thomas and Jones.  Thomas

informed him that he had asked Jones to prepare the original Letter of Caution, that Plaintiff was

still on a probationary period, and that he was exercising his authority to terminate him. (Compl.

at 5-6.)  Plaintiff later received a Letter of Termination.

Plaintiff alleges that he was never notified of any unsatisfactory performance or

inappropriate behavior, but instead performed at a superior level.  Plaintiff states that despite

these conflicts, he received an overall acceptable rating in his August 2004 appraisal, and

received a cash award because of his performance. (Pl. Am. Compl. at Ex. B1, B2.)   On the

occasions he worked with Thomas, Plaintiff states he was professional and courteous, and

Defendant never mentioned any problems with his work.  After Plaintiff was discharged, the

initial EEO process was terminated, but Plaintiff advised the EEO Office that he wanted to file

an EEO complaint.  Plaintiff then failed to attend the scheduled meeting to discuss the complaint.

Plaintiff contacted the EEO Office again, requested a copy of the materials he had previously

filed, and another meeting was scheduled.  Plaintiff did not attend the meeting, and his file was

closed.

Plaintiff brought suit on February 2, 2005 against Thomas, Jones, and the NAVSEA

Inactive Ships Management Office alleging that Defendants' conduct was in violation of Title 5,

United States Code, Section 2302.  He alleges that the Defendants intentionally acted in a

discriminatory manner, failed to remediate the situation, and then terminated him.  Plaintiff also

alleges violations of Title 5, Code of Federal Regulations, Sections 315.804 and 315.907, and

violations of Due Process for the discriminatory and retaliatory firing with no attempt to resolve

the matter through the ADR process which had been initiated.

Defendants Jones, Thomas, and NAVSEA filed a Joint Motion to Dismiss on April 4, 2005 stating that the Plaintiff failed to exhaust his administrative remedies, and that the Complaint fails to state a claim upon which relief can be granted.  Plaintiff was given notice to respond pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).  Plaintiff has filed an Opposition to Defendants' Motion to Dismiss as well as a Motion to Amend his Memorandum in Opposition, and a Motion to Withdraw Complaint and Motion for Leave to Refile Complaint Naming Proper Defendants.  Plaintiff has titled his most recent motion a Motion to Withdraw, but in his Reply, he has attached a proposed amended complaint.  The Amended Complaint includes claims of racial discrimination, retaliation, and violations of the Fifth Amendment. Most recently, Plaintiff filed a Motion for Summary Judgment on June 3, 2005, to which the Defendants responded on June 6, 2005.

## II.  LEGAL STANDARDS

### A.  Motion to Amend

A party may amend its pleading after the filing of a responsive pleading "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(1)  The disposition of a motion to amend is within the discretion of the Court, but "leave shall be freely given when justice so requires." *See Murray v. State Farm Fire & Cas. Co.*, 870 F. Supp. 123, 125-26 (S.D.W.Va. 1994) (citing *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987)).  Rule 15(a) "mandates a liberal reading of the rule's direction for 'free' allowance."  *Ward Elec. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)).  "[T]o justify a denial of such leave [to amend], it must appear to the Court that the amendment is futile, offered in bad faith, prejudicial or otherwise contrary to

4

the interests of justice." *Roper v. County of Chesterfield, Va.*, 807 F. Supp. 1221, 1223 (E.D.Va.

1992).  Where a party has responded to the pleading, the Court may grant the moving party leave

to amend "when justice so requires."  Fed. R. Civ. P. 15(a).

## B.  Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of actions on the basis

of lack of subject matter jurisdiction.  The plaintiff has the burden of proving subject matter

jurisdiction.  A motion to dismiss under this Rule may attack the complaint on its face or the

truth of the underlying jurisdictional allegations contained in the complaint. *Adams v. Bain*, 697

F.2d 1213, 1219 (4th Cir. 1982).  If the motion attacks the facts supporting jurisdiction, the court

may "resolve factual disputes to determine the proper disposition of the motion." *Thigpen v.*

*United States*, 800 F.2d 393, 396 (4th Cir. 1986).  The court may consider evidence outside the

pleadings such as affidavits, depositions, live testimony. *Richmond, Fredericksburg & Potomac*

*R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Adams*, 697 F.2d at 1219.

## C.  Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails

"to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A court will grant a

motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under

any state of facts which could be proved in support of his claim." *Adams v. Bain*, 697 F.2d 1213,

1216 (4th Cir. 1982) (quoting *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir.1969)).  A court

reviewing a motion to dismiss relies solely upon the complaint's allegations and those documents

attached as exhibits or incorporated by reference. *Simons v. Montgomery County Police Officers*,

762 F.2d 30, 31 (4th Cir. 1985).  In a motion to dismiss, the court considers the facts in the light

most favorable to the plaintiff, and assumes that the facts alleged in the plaintiff's complaint are true. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 229 (4th Cir. 2004) (citing *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 n.4 (4th Cir.1993)).

If the parties present and the court does not exclude matters outside the pleadings such as documents and deposition transcripts, the motion to dismiss is treated as one for summary judgment. Fed. R. Civ. P. 12(c); *Pueschel v. United States*, 369 F.3d 345, 354 n.3 (4th Cir. 2004) (citing *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 n.7 (4th Cir.1988)).

### III. DISCUSSION

**A.  Motion to Amend**

Plaintiff seeks leave of Court to amend the complaint that he previously filed.  The proposed amendment adds a claim of racial discrimination in violation of Title VII, and maintains the original claims for violations of the Civil Service Reform Act and the Fifth Amendment.  Liberally construed, Plaintiff also attempts to name the proper Defendant, the Secretary of the Navy,[1] in addition to the original Defendants Jones, Thomas, and NAVSEA. The facts upon which Plaintiff's Amended Complaint is based are the same as the original Complaint, except Plaintiff has added more detail.  Plaintiff's Amendment is not offered in bad faith, and seeks only to correct evident errors from the original complaint.  Accordingly, Plaintiff's Motion to Withdraw and Refile the Complaint is deemed a Motion to Amend and is **GRANTED.**

---

[1] The Amended Complaint actually names the Department of the Navy, rather than the Secretary of the Navy, but the Plaintiff did serve the amended complaint upon the Secretary, and given that he proceeds *pro se*, the Court will consider the Amended Complaint as if the proper party were named.

**B.  Motion to Amend Memorandum**

Plaintiff moves to Amend his Memorandum in Opposition to Defendants' Motion to Dismiss to add various arguments.  The Plaintiff wishes to add arguments that Defendants do not have a valid claim of sovereign immunity, arguments under the Federal Tort Claims act, and arguments that Defendants' claim that Plaintiff failed to exhaust his administrative remedies is without merit.  Plaintiff had an opportunity to raise these issues in his earlier Opposition.  Moreover, some of the arguments are contained in his Amended Complaint, and the others are wholly unrelated to his suit.  Accordingly, Plaintiff's Motion to Amend his Memorandum in Opposition to Defendants' Motion to Dismiss is **DENIED**.

**C.  Motion to Dismiss**

Defendants Jones, Thomas, and NAVSEA filed a Motion to Dismiss in response to Plaintiff's original Complaint.  Many of the arguments apply to Plaintiff's Amended Complaint, however, so the Court will consider Defendants' Motion as responsive to the Amended Complaint.

**1.  Count I**

Plaintiff brings suit alleging employment discrimination under Title VII, part of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e) (2000).  Defendants claim that pursuant to that Act, Plaintiff has not sued the proper defendant, the Secretary of the Navy.  Furthermore, they argue that he has not exhausted his administrative remedies as required under those statutes.  Plaintiff argues that though some of his claims allege illegal discrimination on the basis of age and race, he also has claims for improper personnel actions based on his disclosure of information, and for retaliation.

Title VII was enacted in 1964 to provide a civil remedy for employees subject to unlawful discrimination by private employers.  In 1972, the statute was amended by the Equal Employment Opportunity Act to allow certain federal employees to pursue civil remedies for such discrimination. 42 U.S.C. § 2000e-16 (2004).  Title VII prohibits discrimination in employment on the basis of race, national origin, sex, or religion.  Moreover, Title VII is the exclusive remedy for claims of discrimination in federal employment. *See Brown v. General Services Administration*, 425 U.S. 820, 829 (1976).  Under Title VII, an aggrieved employee must first consult with a Equal Employment Opportunity (EEO) counselor within 30 days of the alleged discrimination.  29 CFR § 1613.214(a)(1)(i).   If the matter cannot be resolved informally, an administrative complaint must be filed with an agency's EEO office. *See Zografov v. Veterans Medical Center*, 779 F.2d 967 (4th Cir. 1985).  Plaintiff met with an EEO counselor before he was terminated to discuss his employment conditions and relationship with the Defendants.  However, he states that the ADR process ended upon his termination.  The EEO counselor scheduled several meetings with Plaintiff to discuss the filing of a complaint, but Plaintiff did not attend either meeting.

The Plaintiff also brings suit under the Civil Service Reform Act, 5 U.S.C. § 1202, *et seq.*, which  prohibits personnel actions taken for improper motives.  Although the Civil Service Reform Act states that anyone with authority shall not discriminate as prohibited by Title VII, it does not provide a separate judicial remedy for victims of such discrimination. *See* 5 U.S.C. § 2302 (2004).  A federal employee suing his employer because of alleged discrimination on the basis of age and race must pursue the combined administrative and judicial procedures provided by Title VII. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000); 5 U.S.C. §

7703(b)(2).  However, Plaintiff also alleges that he suffered an illegal personnel action on the basis of information he disclosed, and in retaliation for his initiation of an ADR proceeding. Title 5 U.S.C. § 2302(b)(8)(A)(i) prohibits an employer taking a personnel action because of "any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences a violation of any law, rule, or regulation ... if such disclosure is not specifically prohibited by law . . . ." Title 5, U.S.C. § 2302(b)(9)(A) prohibits an employer taking a personnel action against an employee because of "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation." An employee or former employee may seek corrective action for these unlawful personnel actions from the Merit Systems Protection Board. *See* 5 U.S.C. § 1221(a) (2005).  Plaintiff's Amended Complaint includes claims of violations of both Title VII and the Civil Service Reform Act, which is considered a "mixed case." 29 C.F.R. § 1614.302; *Briggs v. Dalton*, 984 F. Supp. 353, 355 (D. Md. 1997).

Title 29 of the Code of Federal Regulations provides the specific administrative framework for an aggrieved employee alleging discrimination under both Title VII and the Civil Service Reform Act.  A complainant alleging an unlawful violation of both statutes must follow the procedures established in 5 U.S.C. § 7702 and 29 C.F.R. § 1614.302.  Those statutes specify that an aggrieved employee can elect to either file a claim with the agency's EEO office as discussed above, or seek corrective action with the Merit Systems Protection Board. *See Briggs*, 984 F. Supp. at 354-55.  Under either option, the employee can appeal the decision to the Equal Employment Opportunity Commission (EEOC).  If a petition is filed with the EEOC, the EEOC must determine whether or not to consider the appeal. 5 U.S.C. § 7702 (2005).  Only after the EEOC makes its determination, issues a decision, or the employee does not file an appeal

petition can he then seek judicial review of the personnel action.  Furthermore, whichever option the employee chooses, either the Board or the EEO office must consider all grounds for the complaint, including discrimination and unlawful personnel action claims. 5 U.S.C. § 7702. *See McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir.1995) (discussing administrative and judicial remedies for a mixed petition).

The Plaintiff here has not chosen either option.  He has not filed a complaint with the NAVSEA EEO office, nor has he sought corrective action with the Board.  He was notified of his rights in the EEO process, and the EEO counselor scheduled two meetings with Plaintiff to discuss filing the complaint. (Pl. Response at Ex. H-6.)  Plaintiff did not attend either meeting, and ultimately states that he didn't file the complaint because of fear of misrepresentation.  Whatever Plaintiff's reasons, he has failed to exhaust his administrative remedies as to all claims brought under the Civil Service Reform Act and Title VII.  A plaintiff must exhaust administrative remedies as a "jurisdictional prerequisite" to filing suit in federal court.  *Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999).[2]  Furthermore, a federal district court only has jurisdiction to review challenged employment actions under the CSRA under 5 U.S.C. § 7703(b)(2), which refers to § 7702 requiring adherence with either the Title VII or Merit Systems Protection Board review process. *See Broadway v. Block*, 694 F.2d 979, 983 (5th Cir. 1982).  Even if Plaintiff was unable to pursue the Merit Systems Protection Board review because he was a probationary employee, he has still failed to meet the exhaustion

---

[2] It is not clear that Plaintiff is able to pursue the administrative review process with the Merit Systems Protection Board because he was terminated during his period of probation. *See* 5 U.S.C. § 7511(1)(A)(i) (excluding probationary workers from the statutory definition of employee).

requirements for a Title VII discrimination claim.  Plaintiff has the burden of establishing

jurisdiction, and he has not met the burden on his claims of discrimination and unlawful

employment practices.

In addition, Title VII requires that a suit be brought against "the head of the department,

agency, or unit." 42 U.S.C. § 2000e-16(c).  The proper party in a Title VII suit is therefore the

Secretary of the Navy. *See Gardner v. Gartman*, 880 F.2d 797 (4th Cir. 1989).   Thus, to the

extent Plaintiff relies upon Title VII, the Court lacks jurisdiction over Defendants Jones, Thomas,

and NAVSEA.   Plaintiff has not shown that this case is properly before the Court both for his

failure to exhaust administrative remedies, and his failure to name the proper defendants.

Accordingly, Count I of Plaintiff's Amended Complaint is **DISMISSED** against Defendants

Jones, Thomas, and NAVSEA.  Inasmuch as the Secretary of the Navy has not brought a Motion

to Dismiss for lack of jurisdiction, the Court does not deem it appropriate to dismiss the claims

against the Secretary.

### 2.  Count II

Plaintiff also alleges that Defendants have violated regulations concerning the termination

of employees during the period of probation.  Plaintiff was hired in July 2004, and was subject to

a one year period of probation.  Plaintiff was fired on January 7, 2005 while he was still within

this period of probation.  Plaintiff alleges that his termination violates Title 5, Code of Federal

Regulations, §§ 315.803 - 4.  Section 315.804 merely provides that a terminating agency provide

an employee written documentation as to why his performance or conduct was inadequate or he

was unqualified.  Plaintiff received both a Letter of Caution and a Letter of Termination

explaining that he had failed to follow prescribed working hours and directions, failed to keep his

supervisors properly informed, and performed unsatisfactorily. (Pl. Compl. Ex. 1, 3.)  The letters meet the requirements of 5 C.F.R. § 804(a) requiring written notice.  In fact, 5 C.F.R. § 315.806 states that a federal employee fired while in the probationary period may only seek review of the termination with the Board on the basis of political or marital status discrimination, or improper procedure.  Any claims of discrimination based on other unlawful grounds such as race, color, sex, religion, or national origin may only be raised in conjunction with the above issues. 5 C.F.R. § 315.806(d) (2005).  Plaintiff has therefore also failed to meet the heightened requirements for a complainant fired during the probationary period.[3]  Accordingly, Count II of Plaintiff's Amended Complaint is **DISMISSED** as to Defendants Jones, Thomas, and NAVSEA.

### 3. Count III

Defendant also argues that Plaintiff's claims of violations of the Fifth Amendment should be dismissed because his allegations do not rise to the level of a due process violation.  To state a claim for the Fifth Amendment deprivation of property or liberty without due process, a plaintiff must show (1) that he has a constitutionally protected interest, and (2) that he has been deprived of that interest by federal government action. *Bd. of Regents v. Roth*, 408 U.S. 564, 569-70 (1972).  Once these elements are established, the Court turns to what process is due and whether it has been provided. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988).  Ordinarily, Title VII is a federal employee's sole remedy for discrimination in the employment context. *See Brown*, 425

---

[3]The Plaintiff has also failed to properly pursue these claims through the administrative process described above.  He cannot maintain a separate cause of action for these alleged violations separate from the mandatory provisions of the Civil Service Reform Act requiring the submission of such claims to the Merit Systems Protection Board.

U.S. at 829.  However, Plaintiff notes that a due process violation can exist for otherwise unconstitutional conduct that arises in an employment setting. *See e.g.*, *Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264 (1979) (Fifth Amendment claim available for Congressional employees excluded from Title VII); *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); *Brock v. United States*, 64 F.3d 1421, 1423 (9th Cir. 1995) (noting that if an employee suffers "highly personal" wrongs such as defamation, harassing phone calls, or physical abuse, Title VII does not provide their exclusive remedy) (citing *Arnold v. United States*, 816 F.2d 1306, 1311 (9th Cir. 1987)).

The Fifth Amendment due process clause generally prohibits the federal government from depriving one of his life, liberty, or property without due process of law. U.S. Const. amend. V.  It also prohibits discrimination on the basis of race, by incorporating the principles of equal protection. *Davis*, 442 U.S. at 243.  Nevertheless, if a plaintiff's claims arise solely because of discrimination in the employment context, he must pursue the administrative regime of Title VII. *See Bush v. Lucas*, 462 U.S. 367 (1983) (declining to recognize *Bivens* cause of action to plaintiff given the expansive administrative scheme available to federal employees).  The Court must therefore determine whether Plaintiff's due process claim is essentially an employment discrimination claim with a different title. *See Baird v. Haith*, 724 F. Supp. 367, 373-74 (D. Md. 1988).

### (a) Due Process Claim not preempted by Title VII

Plaintiff initially alleged that Defendants violated due process by purposely conspiring to quickly relieve him of his duties, that they were reckless, and that they knew he had no time to make necessary adjustments. (Compl. at ¶¶ 39-41.)  Plaintiff also reiterated his discrimination

13

claims.  In his Response to Defendants' Motion to Dismiss, Plaintiff alleges that Defendants also

engaged in defamation by disclosing unsubstantiated information to the Deputy Investigator of

the Virginia Unemployment Commission, and to the Navy's Central Adjudication Facility. (Pl.

Response at 12.)  After his termination, Plaintiff applied for unemployment benefits.  NAVSEA

apparently opposed the benefits on the basis of Plaintiff's allegedly "insubordinate and

threatening behavior." (Pl. Response Ex. G.)  Plaintiff states that though the Unemployment

Commission did not find that the employer's statements were sufficient to show he behaved in an

inappropriate manner and he therefore qualified for benefits, he has not yet received the benefits

because Defendants have not provided the required information to the Unemployment

Commission.  Plaintiff also states that Defendants defamed him by filing a false incident report

with the Navy Central Adjudication Facility.  That office is responsible for reviewing the security

clearance of various personnel.  NAVSEA reported that Plaintiff had failed to turn in his

government charge card when he was terminated, that he had accrued personal charges unrelated

to travel, and that he had attempted to use the card after the termination.

Since his termination, Plaintiff alleges that he has had two interviews where he had to

disclose the nature of his termination.  In addition he states that because of the false information

allegedly disclosed to the Navy Central Adjudication Facility, he is precluded from pursuing

certain jobs.  Plaintiff therefore claims that Defendants engaged in defamation by distributing

false information about his job performance and personal integrity, and that his employment

prospects are now severely limited because of those statements.  To the extent that Plaintiff re-

alleges claims of discrimination, those claims are pre-empted by Title VII. *See Brown*, 425 U.S.

at 829.  Yet, Plaintiff's other allegations of defamation are not solely claims of employment

discrimination.

Plaintiff introduces new evidence of statements made concurrent with and shortly after his termination that he alleges are discriminatory, but that he also was denied an opportunity to respond to the charges in any meaningful way.  In essence, that he was denied the protections of due process.  These claims are not preempted by Title VII.  Although the substance of the unlawful action here, Defendants' termination and subsequent dissemination of information, occurred in the employment context, Plaintiff contends that the denial of a hearing is a violation of his constitutional rights independent of his status as a minority.  Essentially, the claim is not that he was denied a hearing because he was black, but instead that it is unconstitutional to terminate *any employee* in his position, and then spread false information damaging to the employee's reputation without providing an opportunity to comment or at least refute the charges.  This cause of action is not covered by Title VII's protections against discrimination on the basis of the enumerated factors, and therefore Plaintiff does not have an alternate remedy for the alleged violation. *See Schweiker v. Chilicky*, 487 U.S. 412, 108 S. Ct. 2460, 2466 (1988) (discussing availability of alternate remedies as a "special factor counseling hesitation" against recognition of constitutional cause of action) (citing *Bivens*, 403 U.S. at 396-97).

**(b) Due Process Claim not preempted by the CSRA**

The Court must also consider whether Plaintiff's claim is preempted by the Civil Service Reform Act.  Plaintiff was a competitive service employee and thus would ordinarily be able to appeal certain personnel actions to the Merit Systems Protection Board.  Among the various employment actions covered by the CSRA, an agency must provide a non-probationary employee advance written notice of a proposed personnel action based on unacceptable performance, and

15

the employee must be allowed a reasonable time to answer to the notice. *See* 5 U.S.C. § 4303(b)(1).[4]  As a probationary employee, however, Plaintiff was not entitled to these various administrative protections. *See* 5 U.S.C. § 4303(f)(2).  Nevertheless, the statute would preempt any claims based on a personnel action initiated because of the employee's unacceptable performance.  Yet, Plaintiff's due process claims arise not only because of the termination, the personnel action, but because of Defendants' subsequent disclosure of allegedly false information.  In *United States v. Fausto*, the Supreme Court considered the issue of whether the CSRA pre-empted a non-preference excepted service employee's due process claims. 484 U.S. 439 (1988).  The Court found that given the comprehensive nature of the CSRA, and the fact that such employees are covered by other provisions within the Act, Congress intentionally excluded the category of employees from seeking judicial review of the type of personnel action the plaintiff had suffered. *Id.* at 448 (recognizing that probation employees are similarly purposely excluded from judicial review for actions based on unacceptable performance). *See* 5 C.F.R. § 432.106(a)(1) (exempting probation employees from appeal procedure).  The distinction with this Plaintiff's claims, however, is that the CSRA does not seemingly provide a remedy for any employees for post-termination actions.  Thus, there is no indication that Congress intentionally

---

[4]The Plaintiff's Notice of Discharge does not state the particular provision under which his employment was terminated, but it states that the discharge was based on Plaintiff's failure to follow prescribed working hours, failure to follow directions, failure to keep his supervisors properly informed, and unsatisfactory performance.  The Court will therefore interpret the termination as one based on unacceptable performance pursuant to Chapter 43 of the CSRA. Chapter 43 includes employees within the probation period within the definition of employee, but exempts them from the requirements of a notice period and an opportunity to answer.  In comparison, Chapter 75, which covers adverse actions taken to promote efficiency, does not include probationary employees within its definition of employees, and also does not extend the notice and answer protections to such employees.

excluded Plaintiff from the prescribed remedies.  Ordinarily there are no due process concerns

because the terminated employee has had an opportunity for a hearing where he can refute the

charges brought against him and introduce evidence on his behalf.

This Plaintiff's claim, however, is not preempted by the CSRA because he alleges not

only that he was terminated without a hearing, but also that his employer then disclosed false

information about him to other parties. *See Bosco v. United States*, 931 F.2d 879, 883 (Fed. Cir.

1991)(discussing *Fausto* in finding "[t]he Supreme Court did not rule that the CSRA provided

the only means of judicial review of any actions affecting federal employees, but rather that it

was the only means of review as to the types of adverse personnel action specifically covered by

the CSRA.").  In addition, he does not appear to have any other remedy for his due process claim.

*Compare Harding v. United States Postal Service*, 802 F.2d 766, 767-67 (4th Cir. 1986)

(preempting due process claim based on availability of other remedies).[5]

### (c) No Property Interest in continued employment exists

The Court must next consider whether Plaintiff properly states a claim for a violation of

due process; that is, whether Plaintiff's allegations arise to the level of a denial of a valid

property or liberty interest.  "A property interest exists when one has a legitimate claim of

---

[5]To the extent Plaintiff claims that he is denied an effective remedy because he is a
probationary employee, he ignores that the purpose of the probation period, which is to allow the
agency to terminate a new employee "without complying with the panoply of appeal rights
afforded to permanent employees." *McCormick v. Dep't of Air Force*, 329 F.3d 1354, 1355 (Fed.
Cir. 2003) (citing S. Rep. No. 95-969, at 9 (1978), reprinted in 1978 U.S.C.C.A.N. 2723, 2731
(discussing how Civil Service Reform Act was designed to exclude probationary employees from
full appeal rights)); *United States Dep't of Justice, Immigration and Naturalization Serv. v. Fed.
Labor Relations Auth.*, 709 F.2d 724, 730 (D.C. Cir. 1983) ("Congress created the concept of the
probationary term and ... saw summary terminations as essential to an effective and efficient
service, and it has repeatedly acted to preserve the agencies' discretion summarily to remove
probationary employees.")

entitlement to a right arising from ...  state statutes, local ordinances, and employment contracts."
*Bunting v. City of Columbia*, 639 F.2d 1090, 1093 (4th Cir. 1981).  Such a property interest does

not, however, exist in an individual's continued employment unless created by ordinance or

guaranteed by contract. *See Bishop v. Wood*, 426 U.S. 341, 344-45 (1976).  A plaintiff may also

show mutually explicit understandings or common practices from the employment relationship

that create a sufficient expectancy of continued employment to rise to the level of a property

interest in employment. *Perry v. Sindermann*, 408 U.S. 593, 600-603 (1972).  To determine

whether Plaintiff has demonstrated a valid property interest in his job, the Court must look to

state law or a relevant statute.  A non-probationary employee in Plaintiff's position would have a

legitimate claim of entitlement to employment because he or she could only be fired for cause.

*See Arnett v. Kennedy*, 416 U.S. 134, 166 (1974), *overruled on other grounds by Cleveland Bd.*
*of Educ. v. Loudermill*, 470 U.S. 532 (1985).  Plaintiff, however, had no such claim as a

probationary employee. *See Walker v. United States*, 744 F.2d 67, 68 (10th Cir. 1984) (finding

that probationary employee had no property interest in continued employment) (quoting *Bd. of*
*Regents*, 408 U.S. at 577-78), *overruled on other grounds by Melton v. City of Oklahoma City*,

928 F.2d 920 (10th Cir. 1991).  Plaintiff has not identified any other statutory or other authority

providing a legitimate claim of entitlement.  In addition, regardless of any property interest

Plaintiff could establish, he cannot maintain a due process claim here on this basis.  Any claim

based solely on Plaintiff's property interest in his job is based upon the termination, for which

Plaintiff's only remedy is the administrative processes described above.  Plaintiff must therefore

rely on a deprivation of another interest in order to support his due process claim.

**(d) A Liberty Interest exists**

Plaintiff claims that his liberty interest is implicated because subsequent to the termination Respondents disclosed the reasons for his employment and fabricated information that limits his future opportunities for employment.  Plaintiff states that the Navy retains his termination information in a file, and that he has been disqualified from some employment and unable to secure other employment because of the false information disclosed by Defendants.[6] Courts recognize a violation of an employee's liberty may occur if a termination damages the employee's reputation or good name, or if the termination denies him the freedom to take advantage of other employment opportunities. *See Bd. of Regents*, 408 U.S. at 573; *Kostishak v. Mannes*, 145 F.3d 1325 (4th Cir. 1998).  Charges that the employee is guilty of dishonesty or immorality are generally considered stigmatizing because they call into question the person's "good name, reputation, honor, or integrity." *Id.*

To state a due process claim based on the denial of a liberty interest, a plaintiff must allege four essential elements: (1) that Defendant made charges against him that might seriously damage his standing and associations in the community or otherwise imposed a stigma or other disability that foreclosed him the freedom to take advantage of other employment opportunities, (2) that the charges were made public by the employer, (3) that the charges were false, and (4) that the stigmatizing remarks were made in the context of a discharge or significant demotion. *Stone*, 855 F.2d at 172 n. 5.; *Walker*, 744 F.2d at 69; *Bunting*, 639 F.2d at 1094 (citing *Bishop*, 426 U.S. at 348 (finding no liberty interest at stake when there is no public disclosure of the

---

[6] Plaintiff does not indicate whether the two other interviews in which he participated were with the Navy or with another federal employer.

reasons for discharging a public employee whose job is terminable at the will of the employer.)).

Thus, an employee's liberty interest may be implicated if an injury or stigmatization to one's

reputation is accompanied by a discharge from government employment, and the stigma has

hampered future employment prospects. *Doe v. United States Dep't of Justice*, 753 F.2d 1092,

1111 (D.C. Cir. 1985).  Once a plaintiff shows that his liberty interest is implicated by a

government termination, due process generally requires that the aggrieved employee be afforded

notice and a hearing to clear his name. *See Beckham v. Harris*, 756 F.2d 1032, 1038 (4th Cir.

1985).

Plaintiff alleges that the reasons for his termination were disseminated to the

Unemployment Commission, and to the Naval Central Adjudication Facility, another department

within the Navy responsible for assigning security clearances.  The Plaintiff must show that these

disclosures constitute public dissemination of the reasons for his termination.  The Plaintiff first

relies on the disclosure to the security clearance department.  He has not, however, alleged that

his security clearance has been revoked, or that any adverse action has occurred as a result of

Defendant's disclosure.  Ordinarily the Court could not consider the merits of any denial of a

security clearance.  *See Dep't of the Navy v. Egan*, 484 U.S. 518, 530 (1988) (holding that the

Merit Systems Protection Board could not review the substance of a decision to deny or revoke a

security clearance because such decisions rested in the discretion of the granting agency);

*Peterson v. Dep't of the Navy*, 687 F. Supp. 713 (D.N.H. 1988) (holding that a court similarly

cannot review an agency's security clearance decisions.)  Thus, it is not likely even if the

department had acted upon the Defendants' information, that the action could be subject to

review. *See Jamil v. Sec'y, Dep't of Def.*, 910 F.2d 1203, 1209 (4th Cir. 1990) (finding that

revocation of security interest does not implicate an employee's liberty interest). Yet, Plaintiff does not contest the revocation of a clearance, but instead that Defendants had the right to communicate allegedly false information about Plaintiff to the Facility absent a hearing and notice. On a motion to dismiss, the Defendants have the burden of showing that Plaintiff could not recover under any set of facts. Defendants have not argued, nor is the law clear that under no circumstances could Defendants' disclosure to the Central Adjudication Facility constitute a public disclosure.

Plaintiff also relies on the disclosure to the Virginia Unemployment Commission in order to establish the second element of a due process claim, that the charges were made public. Some cases evaluating statements made to another government agency have found that the disclosure does not constitute a public disclosure. *See e.g.*, *Luy v. Baltimore Police Dep't*, 326 F. Supp. 2d 682 (D. Md. 2004); *Hannon v. Turnage*, 892 F.2d 653 (7th Cir. 1990) (disclosure of fact of termination by Veterans Administration to Office of Personnel Management didn't implicate liberty interest). Yet, neither *Luy* nor *Hannon* relied explicitly on the fact that the communication was to another government agency in finding no public disclosure. In *Luy*, the court relied on the fact that the communication was initiated because of the plaintiff's request for unemployment benefits, rather than because of the agency's action. *Id. See also*, *Carroll v. Town of Univ. Park*, 12 F. Supp. 2d 475, 483 (D. Md. 1997) (stating that comments were only released in response to requests by the plaintiff when seeking new employment, but also relying on the fact that the charges were not false nor sufficiently stigmatizing). In *Hannon*, the employer merely disclosed the fact that the plaintiff had been terminated, which is a necessary fact to be communicated to the personnel office. 892 F.2d at 660. *Luy* cited several other cases hinting that

internal communications do not constitute a public disclosure, but those cases considered the issue in the context of an internal investigation into the charges, rather than an independent disclosure to a completely different department within an organization. *See Luy*, 326 F. Supp. 2d at 691 (discussing *Jackson v. Long*, 102 F.3d 722, 725, 730 (4th Cir.1996) and *Bunting*, 639 F.2d at 1092 - 1094)).

Other courts considering the matter have found that a disclosure within an agency does not constitute a public disclosure unless it is made gratuitously to persons with no interest in the matter disclosed. *See Ishee v. Moss*, 668 F. Supp. 554, 559 (N.D. Miss. 1987) (citing *Ventetuolo v. Burke*, 470 F. Supp. 887, 896 (D.R.I. 1978)).  The Plaintiff has not alleged that the Central Adjudication Facility had no interest in the reasons for his termination.  In fact, such information would likely be highly relevant to the level of clearance he continued to maintain with the Navy. Plaintiff also has not shown that he is foreclosed from all future federal government or even Navy employment as relied upon by other courts. *See Larry v. Lawler*, 605 F.2d 954, 958-59 (7th Cir. 1978) (discussing due process claim where employee disbarred from all federal employment for three years).  Nevertheless, Plaintiff is not required to prove all of the essential elements of his claim in order to survive a motion to dismiss.  Plaintiff has the final burden of proving that the disclosures were public, but for the purposes of a motion to dismiss, the Defendants must show that he cannot recover on any interpretation of the facts.  Defendants have not made this showing under the law or the facts.[7]

In addition, Defendants have not foreclosed the possibility that allegedly defamatory

---

[7] Defendants have not had a full opportunity to respond to Plaintiff's new allegations and facts raised in the Amended Complaint because the Motion to Dismiss was filed prior to the filing of the Amended Complaint.

information is contained in a file accessible by future employers.  Although the Circuits are somewhat split regarding to what extent information contained in an employee's personnel file constitutes public disclosure, Defendants have not even argued that Plaintiff's file is confidential[8] and not accessible by other parties. *See Ledford v. Delancey*, 612 F.2d 883, 886-87 (4th Cir.1980) (charges recorded in an employee's personnel file are considered public "when that file may be the subject of inspection by prospective employers"); *Brandt v. Bd. of Coop. Educ. Services*, 820 F.2d 41, 44- 45 (2d Cir. 1987) (finding that charges in personnel file are made public if they are likely to be disclosed to future employers). *Contra Johnson v. Martin*, 943 F.2d 15, 16-17 (7th Cir. 1991).  Nor have Defendants provided any information regarding the exact substance of the disclosures or whether the information was to be otherwise disseminated.

Plaintiff has otherwise met the elements necessary to properly allege a due process claim, absent contrary evidence by Defendants.  He states that Defendants' allegations were not of mere incompetence, but also that he exhibited threatening behavior towards supervisors and misused a government credit card,[9] which created the impression that he engaged in criminal conduct. Although allegations of incompetence at the workplace do not alone rise to the level of an infringement of one's liberty interest, *Robertson v. Rogers*, 679 F.2d 1090, 1092 (4th Cir. 1982), he has alleged more than incompetence. Furthermore, Plaintiff alleges that he is stigmatized by

---

[8] In *Hodge v. Jones*, 31 F.3d 157, 165 (4th Cir. 1994), the court failed to find any stigma or injury to the plaintiff's reputation when a report raising a suspicion of child abuse was required to be kept confidential by the recipient.

[9] Plaintiff cannot likely rely on the allegation of the misuse of the government credit card because that occurred after the termination. *See Paul v. Davis*, 424 U.S. 693 (1976); *Stone*, 855 F.2d at 172 (stigmatizing remarks must be made in the context of a discharge or other employment action).

Defendants' disclosures, that the disclosures were false, and that the disclosures were made in the context of his termination.  He argues that the letter from the Virginia Unemployment Commission provides that Plaintiff's employer stated that he exhibited insubordinate and threatening behavior.  Plaintiff's termination letter stated only that he had performed unsatisfactorily, and had become argumentative and belligerent in the meeting with Defendants Jones and Thomas. (Compl. at Ex. 3.)  Plaintiff has also made the requisite allegations that he was denied any pre or post termination hearing, and that he has suffered subsequent damage to his reputation and employment prospects.  The Court must therefore conclude on the basis of the information before it that Defendants have not shown that Plaintiff could not prove a deprivation of his liberty interest.  Plaintiff has met the four elements required to state a claim for a deprivation of his liberty interest in violation of due process.

**(d) Sovereign Immunity**

Defendant NAVSEA argues that as an agency of the federal government it is immune from suit.  Unless Congress has consented to a cause of action against the United States and its agencies, a court lacks jurisdiction to entertain the suit.  *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S. Ct. 1965, 1968 (1988); *Radin v. United States*, 699 F.2d 681, 684-85 (4th Cir.1983).  Any waivers of immunity are to be strictly construed. *United States v. Testan*, 424 U.S. 392, 399 (1976).  The United States has not waived its immunity with regards to claims of violations of the Fifth Amendment. *Radin*, 699 F.2d at 685.  The Defendant does not refute the fact that Defendant NAVSEA is an activity within the Department of the Navy, an agency of the federal government.  Accordingly, any civil judgment would be paid from the public treasury, which is the relevant inquiry on a claim of sovereign immunity.  Defendant NAVSEA is immune from

suit as an activity of a federal agency, and Count III of Plaintiff's Amended Complaint is therefore **DISMISSED** against Defendant NAVSEA.

### (e)  Qualified Immunity

The individual Defendants Jones and Thomas also claim that they are immune from liability as government employees.  It is well established that government actors are protected by qualified immunity, and are therefore immune from suit unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The relevant question is whether a reasonable person in the official's situation would have understood that the conduct was unconstitutional. *Id*. at 815-19; *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987).  Defendants have not raised the qualified immunity defense on these grounds, however, and merely state that Plaintiff's claims are preempted by Title VII.  The Court has already found that Plaintiff's due process claims are not preempted by Title VII.  Accordingly, to the extent Defendants Thomas and Jones have failed to argue the merits of the qualified immunity defense, the Court will not consider it. Defendants Thomas and Jones's Motion to Dismiss Count III of Plaintiff's Amended Complaint alleging a violation of the Fifth Amendment is **DENIED**.

## IV.  CONCLUSION

Plaintiff's Motion to Amend his Complaint is **GRANTED.**

Plaintiff's Motion to Amend his Memorandum in Opposition to Defendants' Motion to Dismiss is **DENIED**.

Defendants' Joint Motion to Dismiss the case is **GRANTED** as to Counts I and II against Defendants Jones, Thomas, and NAVSEA.  Defendant NAVSEA's Motion to Dismiss Count III

is **GRANTED**, and Defendants Jones and Thomas's Motion to Dismiss Count III is **DENIED**.

Defendant Secretary of the Navy is **ORDERED** to respond to Plaintiff's Amended

Complaint.

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order

to Plaintiff and counsel for Defendants.

**IT IS SO ORDERED.**

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 13, 2005