IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**TYRO R. BEATTY,**

      **Plaintiff,**

   v.                                                    **CIVIL ACTION NO. 2:05cv71**

**SCOTT M. THOMAS, et al.,**

      **Defendants.**

*MEMORANDUM OPINION AND ORDER*

This matter is before the Court on Plaintiff's Motion to Reconsider, and the Motions of Defendants Secretary of the Navy, Scott M. Thomas ("Thomas"), and Michael A. Jones ("Jones") (collectively "Defendants") to Dismiss, or in the alternative for Summary Judgment. The Court has considered the memoranda of the parties and these motions are now ripe for decision. Plaintiff's Motion to Reconsider is **DENIED**. Defendants' Motions to Dismiss are **GRANTED**

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Tyro M. Beatty, was formerly employed as the Administrative Branch Head/Command Security Manager at the Naval Sea Systems Command, Inactive Ships Management Office ("NAVSEA") at the Norfolk Naval Shipyard. He began working in that position in July 2004, and was terminated in January 2005 after a meeting with supervisors Scott M. Thomas and Michael A. Jones. Plaintiff brought suit on February 2, 2005 against Thomas,

Jones, and the NAVSEA Inactive Ships Management Office alleging that Defendants discriminated against him on account of his race and retaliated against him for filing an administrative complaint.  Plaintiff later amended his complaint to add allegations of violations of Title VII, and of the Due Process Clause of the Fifth Amendment.  He also added the Secretary of the Navy as a Defendant.  Defendants Jones, Thomas, and NAVSEA moved to dismiss the Complaint on April 4, 2005.  On June 13, 2005, the Court granted Defendant NAVSEA's Motion on all counts, and granted Defendants Jones and Thomas's Motion on Counts I and II, finding that Plaintiff had not exhausted his administrative remedies.  The Court denied Defendants Jones and Thomas's Motion to Dismiss on Count III finding that Plaintiff did state a claim for a due process violation.  The Court also ordered the Defendant Secretary of the Navy to respond to Plaintiff's Amended Complaint.  On June 20, 2005, Plaintiff filed a Motion and Brief to Reconsider the Court's Memorandum and Order.  Defendants filed a Memorandum in Opposition to the Reconsideration on July 5, 2005.  On June 23, 2005, the Secretary of the Navy filed a motion to dismiss all counts of Plaintiff's Amended Complaint on the grounds that Plaintiff did not exhaust his administrative remedies.  Defendants Jones and Thomas also move to dismiss Count III of the Amended Complaint.

## II.  LEGAL STANDARDS

### A.  Motion to Reconsider

A plaintiff can move to alter or amend a court's decision pursuant to Rule 59 of the Federal Rules of Civil Procedure. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") recognizes three limited grounds for a district court to grant a motion under this rule: (1) to accommodate an intervening change in controlling law; (2) to account for new

evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993). Mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. *Id.* (citing *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Rule 59(e) motions exist for the purpose of allowing "the court to reevaluate the basis for its decision." *Keyes v. National R.R. Passenger Corp.,* 766 F. Supp. 277, 280 (E.D. Pa. 1991). However, Rule 59(e) motions are not a tool with which an unsuccessful party may "'rehash' the same arguments and facts previously presented." *Keyes,* 766 F. Supp. at 280.

**B.  Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court will grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir. 1982) (quoting *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir.1969)). A court reviewing a motion to dismiss relies solely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). In a motion to dismiss, the court considers the facts in the light most favorable to the plaintiff, and assumes that the facts alleged in the plaintiff's complaint are true. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 229 (4th Cir. 2004) (citing *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 n.4 (4th Cir.1993)).

If the parties present and the court does not exclude matters outside the pleadings such as documents and deposition transcripts, the motion to dismiss is treated as one for summary

judgment. Fed. R. Civ. P. 12(c); *Pueschel v. United States*, 369 F.3d 345, 354 n.3 (4th Cir. 2004) (citing *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 n.7 (4th Cir. 1988)).

### III. DISCUSSION

**A. Motion for Reconsideration**

The Plaintiff moves to reconsider on the basis that the Court did not fully consider or understand his arguments. Plaintiff argues that he has provided sufficient evidence of discrimination for his claim to go forward. The Court dismissed Plaintiff's discrimination claims because he had not exhausted his administrative remedies as required for both a Title VII claim and a Civil Service Reform Act claim. Plaintiff's argument is irrelevant to the dismissal. Regardless of the strength of his evidence, he is required to file a complaint with the EEO office prior to filing suit in this Court. *See Zografov v. Veterans Medical Center*, 779 F.2d 967 (4th Cir. 1985). Although Plaintiff met with an EEO counselor on at least one occasion, he never filed an official complaint regarding his termination despite receiving notice that such a complaint was required. The doctrine of equitable tolling can apply in limited instances when a Plaintiff fails to meet the EEO deadlines in filing a complaint. The Plaintiff here has not failed to meet a deadline, but has instead wholly circumvented the administrative process.

The Plaintiff secondly argues that his failure to file a new complaint with NAVSEA's EEO office was based on the advice he received from an EEO counselor. Defendants respond that even if Plaintiff was misinformed about the proper procedure for filing a complaint,[1] he fails

---

[1] The Defendants also argue that Plaintiff's allegations regarding a misrepresentation by the EEO counselor are false. The Defendants also submit the Declaration of Earnest J. Marshall, the EEO counselor with whom Plaintiff spoke. Mr. Marshall states that on January 4, 2005, he met with Plaintiff regarding the letter of caution and after a discussion of the alternatives, Plaintiff decided to pursue the Workplace Dispute Procedure Process rather than file a pre-

to meet the burden under Rule 59 of showing that there is new evidence not available earlier. *See Hutchinson*, 994 F.2d at 1081. Plaintiff does not argue that there has been an intervening change of law, and does not present any evidence he could not have presented upon the original Motion to Dismiss. He also does not argue that it would be a manifest injustice to find that he has not exhausted his administrative remedies. Accordingly, Plaintiff has not met any of the three limited grounds upon which a Motion to Reconsider can be granted. Plaintiff's Motion for Reconsideration is **DENIED**.

**B. Motion to Dismiss**

    **1. Counts I and II - Exhaustion of Administrative Remedies**

The Defendant Secretary of the Navy moves to dismiss Counts I and II of Plaintiff's Amended Complaint on the grounds that Plaintiff has failed to exhaust his administrative remedies. Count I alleges that Defendants discriminated against Plaintiff on account of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, as amended. Count II alleges that Defendants discriminated against Plaintiff because of several communications he made with other agencies or departments in violation of the Civil Service Reform Act, 5 U.S.C. § 1202, *et seq*. Defendant argues that prior to filing a Title VII suit with

---

complaint. Declaration of Earnest J. Marshall at ¶ 3. He also states that he provided Plaintiff with a Notice of Aggrieved Person's Rights and Responsibilities which Plaintiff read and signed, and indicated that he had no questions. Declaration of Earnest J. Marshall at ¶ 4. On January 7, 2005, Mr. Marshall avers that Plaintiff contacted him regarding filing a pre-complaint. Declaration of Earnest J. Marshall at ¶ 4. Plaintiff then missed their scheduled appointment, contacted Mr. Marshall again on January 26, 2005 requesting documents, and then scheduled another meeting to file the pre-complaint regarding the termination. Declaration of Earnest J. Marshall at ¶¶ 5, 6. Plaintiff then missed the final scheduled meeting and the matter was closed. ¶¶ 7, 8. On a Motion to Dismiss, however, the Court must accept Plaintiff's factual allegations as true. *See Am. Chiropractic Ass'n*, 367 F.3d at 229.

the United States District Court, Plaintiff was required to file a complaint with his EEO office. The Court discussed Defendant's argument extensively in its opinion issued on June 13, 2005. *See Beatty v. Thomas, et al.*, No. 2:05cv71 (E.D. Va. June 13, 2005) (order granting Motion to Dismiss in part).

If a Title VII grievance cannot be resolved informally, an aggrieved employee must file an administrative complaint with an agency's EEO office. *See Zografov v. Veterans Medical Center*, 779 F.2d 967 (4th Cir. 1985). A complainant alleging an unlawful violation of both Title VII and the Civil Service Reform Act must follow the procedures established in 5 U.S.C. § 7702 and 29 C.F.R. § 1614.302. Plaintiff has not pursued either of these administrative remedies, and therefore the Court lacks jurisdiction to consider his discrimination claims. Accordingly, Defendant Secretary of the Navy's Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint is **GRANTED**.

### 2. Count III - Sovereign Immunity

Defendant Secretary of the Navy and Defendant Thomas move to dismiss Count III of the Amended Complaint on the grounds that Plaintiff has no remedy against them in their official capacities. Count III of the Amended Complaint alleges that Defendants violated Plaintiff's due process rights by depriving him of his liberty to seek future employment by disseminating false information injurious to his reputation.

Under the well established doctrine of sovereign immunity, Congress must consent to a cause of action against the United States and its agencies in order for the court to have jurisdiction over the suit. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Radin v. United States*, 699 F.2d 681, 684-85 (4th Cir.1983). The United States has not waived its immunity with

regards to claims of violations of the Fifth Amendment. *Radin*, 699 F.2d at 685. In addition, since a suit against a government agent acting in his official capacity is considered a suit against the United States itself, it is not proper under *Bivens*. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Under *Bivens*, a plaintiff can sue federal officers individually for damages caused by constitutional torts under color of their authority. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). A suit may only proceed under *Bivens* against a federal employee in his individual capacity. *See Randall v. United States*, 95 F.3d 339, 344 (4th Cir. 1996). Federal immunity is preserved against a federal official in his official capacity.

### A. Defendant Secretary of the Navy

Plaintiff does not name the Secretary of the Navy at all in Count III, nor does he allege any individual action of the Secretary that violated his due process rights. Accordingly, the Court must interpret Plaintiff's claim as one against the Secretary in his official capacity, for which the Court lacks jurisdiction. Defendant Secretary of the Navy is immune from suit under the doctrine of sovereign immunity and his motion to dismiss Count III of Plaintiff's Amended Complaint is **GRANTED**.

### B. Defendant Thomas

Plaintiff's complaint expressly names Defendant Thomas as being sued in his "Official Capacity as OIC [Officer in Charge]." Plaintiff only alleges actions that Defendant Thomas committed while acting in his official capacity as the Senior Officer in Charge in the NAVSEA management office. Where a government official acts in his official capacity, a suit against him is essentially a suit against the United States and is not proper under *Bivens*. *See Graham*, 473 U.S. at 165. Accordingly, Defendant Thomas is also immune from suit under the doctrine of

sovereign immunity. Defendant Thomas' Motion to Dismiss Count III of Plaintiff's Amended Complaint is **GRANTED.**

### 3. Count III - Deprivation of Liberty Interest

Defendant Jones, sued in his individual capacity as Director at NAVSEA, moves to dismiss Count III primarily on the grounds that Plaintiff's allegations fail to state a cause of action for a deprivation of a liberty interest.

Plaintiff alleges that Defendant Jones violated his Fifth Amendment constitutional right by engaging in acts that defame his good name and seriously impair his ability to take advantage of future employment opportunities. This Court, in its June 13, 2005 opinion, recognized that a liberty interest may arise where "an injury or stigmatization to one's reputation is accompanied by a discharge from government employment, and the stigma has hampered future employment prospects." *Beatty v. Thomas, et al.*, No. 2:05cv71(E.D.Va. June 12, 2005) (order granting Motion to Dismiss in part). The Court held that, absent contrary evidence by Defendants, Plaintiff had properly alleged a deprivation of his liberty interest to be free from damages to his good name that restricted his ability to obtain gainful employment. *Id.* However, the Court credited Defendants' shortcomings to the fact that Defendants' Motion to Dismiss was filed prior to the filing of Plaintiff's Amended Complaint, leaving Defendants without the full opportunity to respond to Plaintiff's new allegations. *Id.* Defendants have now responded. As such, the Court must determine whether Plaintiff is now precluded from successfully alleging a deprivation of his liberty interest.

To prove that Defendant Jones deprived Plaintiff of a liberty interest, Plaintiff must show (1) that the charges made against him "imposed on him a stigma or other disability" that

prevented him from engaging in other employment, (2) that the charges were made public by his employer, (3) that the charges were made in conjunction with a termination or significant demotion, and (4) that the charges were false. *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 167, 173 n.5 (4th Cir. 1988) (citing *Board of Regents of State Colls. V. Roth,* 408 U.S. 564, 573-75 (1972), *Bishop v. Wood*, 426 U.S. 341, 348-49 (1976), *Paul v. Davis*, 424 U.S. 693, 710-11 (1976)). In this case, Plaintiff contends that the charges against him were false, and neither party disputes that Plaintiff was terminated because of the charges. Accordingly, Plaintiff clearly satisfies elements three and four for the purposes of a motion to dismiss. Thus, the larger question here is whether the charges have been made public.

Plaintiff contends that defamatory information was publicly disseminated by Defendants in two separate ways.[2] First, Plaintiff argues that untrue statements are maintained and recorded in his personnel file which he alleges is available to prospective employers. Second, Plaintiff alleges that untrue statements about the reason for his termination were disseminated to the Virginia Unemployment Commission. The Court finds Plaintiff's arguments without merit on both grounds.

First, the mere presence of defamatory information in one's personnel file is not sufficient to establish a violation of one's liberty interests. *Bishop*, 426 U.S. at 348. To be actionable, the

---

[2] Plaintiff also alleges that Defendants disseminated defamatory information to the Navy Central Adjudication Facility. However, the Court will not consider the alleged dissemination to the Navy Central Adjudication Facility. Plaintiff cannot likely rely on the allegation of the misuse of the government credit card because it occurred after the termination and thus not in connection with the termination as required to state a claim. *See Paul v. Davis*, 424 U.S. 693 (1976); *Stone*, 855 F.2d at 172 (stigmatizing remarks must be made in the context of a discharge or other employment action).


reasons for the discharge must be made public. *Id*. Although the Circuit Courts of Appeals are split as to what extent information contained in an employee's personnel file constitutes public disclosure,[3] the Fourth Circuit has held that no liberty interest is violated where confidentiality laws protect information in a file. *Hodge v. Jones*, 31 F.3d 157, 165 (4th Cir. 1994). Plaintiff's personnel file is protected by the confidentiality laws of the Freedom of Information Act ("FOIA"). The FOIA protects from disclosure to the public, all information contained in an employee or former employee's personnel folder. 5 U.S.C. § 552(b)(6) (2005). To the extent the Court finds that Plaintiff's personnel file is protected by the confidentiality provisions of FOIA, his information has not been publicly disseminated.

Second, Plaintiff's allegations that Defendants publicly disseminated defamatory information by providing information to the Virginia Unemployment Commission are

---

[3] The Circuit Courts of Appeals are split on what is sufficient to consider information as being "made public." A majority of the Circuits that have ruled on the issue have held that the mere filing of material in such away that it is likely that the material could be disseminated is sufficient to make it pubic. *See Buxton v. Plant City*, 871 F.2d 1037, 1045 (11th Cir. 1989)(holding that because state statute required that plaintiff's personnel file be made part of the public record, the charges within it became published at time of filing), *Brandt v. Board of Coop. Educ. Svcs.*, 820 F.2d 41, 45 (2d Cir. 1987)(holding that the presence of charges in plaintiff's personnel file would satisfy the public disclosure requirement if prospective employers were likely to gain access to it), *Hogue v. Clinton*, 791 F.2d 1318, 1323 n.7 (8th Cir. 1986)(noting that charges in a personnel file may be sufficient publication if the file is made available to prospective employers), *Bailey v. Kirk*, 777 F.2d 567, 580 n.18 (10th Cir. 1985)(noting that defamatory information in a personnel file is published if it is not restricted for internal use), *and Burris v. Willis Indep. Sch. Dist., Inc.*, 713 F.2d 1087, 1092 (5th Cir. 1983)(holding that the mere presence of defamatory information in a personnel file does not constitute publication unless there is a possibility the information will not be kept confidential). On the other hand, only the Seventh Circuit has expressly held that actual dissemination of material in a personnel file must occur before it is considered "made public." *See Johnson v. Martin*, 943 F.2d 15, 16-17 (7th Cir. 1991)(expressly disagreeing with the Second Circuit in *Brandt* and finding that defamatory statements must actually be disseminated before there is an injury).


unsupported. Several cases support the idea that information disclosed to a state agency initiated at the former employee's request is not made public by the employer. *See e.g., Luy v. Baltimore Police Dep't*, 326 F. Supp. 2d 682 (D. Md. 2004); *Hannon v. Turnage*, 892 F.2d 653 (7th Cir. 1990) (finding that disclosure made by employer to another government agency, initiated by the employee's request, was not sufficient to find public disclosure). In *Luy v. Baltimore Police Dep't*, a police officer sued his former employer claiming that his liberty interest was violated when defamatory information was given to the agency responsible for reviewing his unemployment benefits application. The *Luy* court held that "[a] state employer . . . should not be held liable for disclosing information to another state agency at the former employee's request at some time after the employee's termination." *Luy*, 326 F.Supp.2d at 691.

Similar to *Luy*, Plaintiff admits that he initiated the request with the Virginia Unemployment Commission when he filed for unemployment benefits on February 20, 2005. Accordingly, this Court finds that the information given to the Virginia Unemployment Commission was not made public since it was initiated by Plaintiff's own request to a government agency for employment benefits. Moreover, notwithstanding the defamatory statements Plaintiff alleges were made by Defendants, the Virginia Unemployment Commission granted Plaintiff's request for benefits. *See* Plaintiff's Amended Complaint, Exhibit F. Such a finding by the Virginia Unemployment Commission supports a finding by this Court that Plaintiff did not suffer a detriment or loss of any kind.

Since the communication was not made public, it cannot properly form the basis for a claim that Plaintiff's interest in his "good name, reputation, honor, or integrity" was thereby impaired. *See Bishop v. Wood*. As such, the Court finds that Defendant is precluded from

establishing that his liberty interest was violated.  Defendant Jones' Motion to Dismiss Count III of Plaintiff's Amended Complaint is **GRANTED.**

## IV.  CONCLUSION

Plaintiff's Motion to Reconsider the dismissal of certain claims is **DENIED.**

Defendant Secretary of the Navy's Motion to Dismiss is **GRANTED** in its entirety.  Defendant Jones Motion to Dismiss Count III is **GRANTED**.  Defendant Thomas's Motion to Dismiss Count III is **GRANTED**.

Plaintiff is **ADVISED** that he may appeal from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this order.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties

**IT IS SO ORDERED.**

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 24, 2005